David P. Myers (SBN 206137)
dmyers@myerslawgroup.com
Jason Hatcher (SBN 285481)
jhatcher@myerslawgroup.com
Andriana N. Bravo (SBN 349191)
abravo@myerslawgroup.com
**THE MYERS LAW GROUP, A.P.C.**
9327 Fairway View Place, Suite 100
Rancho Cucamonga, CA 91730
Telephone: (909) 919-2027
Facsimile: (888) 375-2102

Attorneys for Plaintiff Christopher Dubin,
and all others similarly situated.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER DUBIN, on behalf of himself and all others similarly situated<br><br>PLAINTIFF,<br><br>v.<br><br>CVS PHARMACY, INC., a Rhode Island Corporation; and DOES 1 through 100, inclusive<br><br>DEFENDANTS. | Case No.: 2:25-cv-05931-SPG-<br><br>MBK CLASS ACTION<br><br>FIRST AMENDED COMPLAINT<br><br>**3. ERISA – Statutory Violation (I)**<br>**5. ERISA – Statutory Violation (II)**<br>**6. ERISA – Breach of Fiduciary Duty**<br>**7. ERISA – Statutory Violation (III)**<br><br>**DEMAND FOR JURY TRIAL** |

1

FIRST AMENDED COMPLAINT

## I.    INTRODUCTION

This is an action brought by Plaintiff CHRISTOPHER DUBIN ("Plaintiff"), on his behalf and all others similarly situated, against CVS PHARMACY, INC., a Rhode Island Corporation, and other as of yet unnamed DOE Defendants 1-100 (hereinafter collectively "Defendants") alleging claims benefits under the employee benefit plan, including but not limited to unlawful costs associated with the employee health insurance plan in violation of the California Insurance Code and the Employee Retirement Income Security Act ("ERISA"). Plaintiff seeks damages, attorneys' fees and costs of suit. Plaintiff is informed and believes, and on that basis alleges as follows:

## II.    GENERAL ALLEGATIONS

1.    This class action arises from unlawful costs associated with Defendants' employee health insurance plan that deny benefits under the employee benefit plan at the legally mandated charge resulting in violations for, among other things, Defendants' violation of the California Insurance Code and the Employee Retirement Income Security Act.

2.    Plaintiff seeks, among other things, all money, interest, and cost of suit, including attorney's fees.

3.    Plaintiff seeks to represent the following Class and Subclass:

All persons within the United States who paid Defendants' "Tobacco/Nicotine" surcharge in connection with any of Defendants' plans at any time from six years prior to the filing of the Complaint to the present. (the "Class").

All current and former California employees of Defendants with a Tobacco/Nicotine and/or Working Sp/PartChg deduction from his or her wages as a result of his or her participation in Defendants' medical benefits plan(s) at any time from six years prior to the filing of this action through the date of class certification. (The "Subclass").

4.    This Court is the proper court, and this action is properly filed in Los

2

Angeles County and in this judicial district because Defendants do business in Los Angeles County, out of Los Angeles, California, and because Defendants' obligations and liabilities arise therein.

5. Plaintiff is a current hourly non-exempt employee for Defendants in the state of California and a resident of California.

6. Plaintiff is informed and believes, and thereon alleges that Defendant CVS PHARMACY, INC., is a Rhode Island Corporation.

7. The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 100 are unknown to Plaintiff, who therefore sues the DOE Defendants by fictitious names.  Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained.

8. Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, and/or are attributable to, all Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other Defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.  Plaintiff is informed and believes, and thereon alleges, that at all times material hereto Defendants were and are the agents of each other.

9. Plaintiff is informed and believes, and thereon alleges, that Defendants DOES 1 through 100 are the partners, owners, shareholders, managers, joint employers, or alter egos of Defendants.

10. As alleged herein Plaintiff is employed by Defendants, and Plaintiff performed work for Defendants in Los Angeles County in the state of California.

## III.   FACTS COMMON TO MORE THAN ONE CAUSE OF ACTION

11. Plaintiff and the Class/Subclass worked as employees in the state of California for Defendants whose primary business is the operation of a healthcare company.

12. Throughout the period of six (6) years prior to the filing of this action

FIRST AMENDED COMPLAINT

through the date of class certification ("Class Period"), Plaintiff and all Class/Subclass members were and are employees of Defendants in the state of California.

13. Defendants denied Plaintiff and the Class/Subclass benefits under their health insurance plans at the legally mandated charge that resulted in Plaintiff and the Class/Subclass overpaid for benefits under the employee benefit plan.

14. Throughout the Class Period, Defendants knowingly and willfully engaged and continue to engage in an unlawful scheme to deny benefits under their employee benefit plan at the legally compliant rate.

15. Plaintiff is a member of and seeks to be the representative for the Class/Subclass of similarly situated employees who all have been exposed to and have suffered Defendants' unlawful practices as alleged herein.

16. During the Class Period, Plaintiff and the Class/Subclass were eligible to enroll in a health insurance plan(s) offered to employees of Defendants.

17. During the Class Period, Defendants subjected Plaintiff and the Class members to a tobacco/nicotine surcharge in order to access and obtain the benefits under the health insurance plan(s) offered by Defendants. The tobacco/nicotine surcharge is listed as "Tobacco/Nicotine" under the Post Tax Deductions portion of Plaintiff and the Class members' wage statements.

18. During the Class Period, Defendants' health insurance plan(s) stated that "Colleagues **and spouse/partners** may be subject to an annual" surcharge if they use tobacco/nicotine or non-FDA-approved nicotine-based products (including vaping) (Emphasis added). If subjected to the surcharge, the surcharge would be deducted from paychecks pro-rata per pay period.

19. During the Class Period, Defendants' health insurance plan(s) stated that "For questions regarding the surcharge or **your** tobacco/nicotine status, and for information on how **you** may satisfy an alternative standard to avoid the $500 surcharge – contact *CVS Health HR Service Center* . . . the *CVS Health HR Service*

FIRST AMENDED COMPLAINT

*Center* will work with **you** (and, if **you** wish, **your** doctor) to satisfy the alternative standard." (Emphasis added and original).

20. As a baseline rule, and to broaden access to affordable health insurance coverage, the Patient Protection and Affordable Care Act amended ERISA to prohibit any health insurer or medical plan from discriminating against any participant in providing coverage or charging premiums based on a "health status-related factor", including the use of tobacco. Pursuant to this rule, a plan "may not require any individual (as a condition of enrollment or continued enrollment under the plan) to pay a premium or contribution which is greater than such premium or contribution for a similarly situated individual enrolled in the plan on the basis of any health status-related factor in relation to the individual or to an individual enrolled under the plan as a dependent of the individual." 29 U.S.C. § 1182(b)(1); 42 U.S.C. § 300gg-4(b)(1).

21. On its face, Defendants' "Tobacco/Nicotine" surcharge violates this provision. Plaintiff and all others similarly situated were required to pay an additional annual "premium or contribution" based on a "health status-related factor", that being their use of "tobacco/nicotine or non-FDA-approved nicotine-based products (including vaping) . . . ."

22. Specifically, at all relevant times to this lawsuit, pursuant to Defendants' medical plan rules, any employee who "use tobacco/nicotine or non-FDA-approved nicotine-based products (including vaping)" four or more times per week were required to declare themselves to be "Tobacco/Nicotine" users as part of the enrollment process. Persons declared to fall under the "Tobacco/Nicotine" surcharge qualification where charged an additional annual charge of $300 to $500 to maintain coverage.

23. Payment of the "Tobacco/Nicotine" surcharge was required for Plaintiff and all others similarly situated to remain insured under the Defendants' medical plan. Pursuant to company policy and the terms of Defendants' medical

FIRST AMENDED COMPLAINT

plan, failure to truthfully declare oneself a nicotine user would be deemed a "fraudulent act" that could void coverage and result in civil penalties and criminal charges.

24.    Defendants are and have been required to make contributions to the plan to ensure that it remains adequately funded. By collecting the "Tobacco/Nicotine" surcharges, Defendants have reduced the amount of its own contributions, thereby increasing the Defendants' profits.

25.    At all times relevant to this lawsuit, Defendants have maintained sole control over the "Tobacco/Nicotine" surcharge, withholding participants' funds from their paychecks to pay the surcharge, and determining which employees are reimbursed for the "Tobacco/Nicotine" surcharge.

26.    During the Class Period, Defendants subjected Plaintiff and the Subclass members to a working spousal surcharge in order to access and obtain the benefits under the health insurance plan(s) offered by Defendants. Defendants' health insurance plan(s) state "colleagues enrolled in the HSP will be subject to an annual $1,200 surcharge if your spouse/partner has the option to elect subsidized medical coverage through their employer, but instead enrolls in the HSP. If subjected to the surcharge, the surcharge will be deducted from your paychecks pro-rata per pay period. If when enrolling in the HSP you do not attest that your spouse/partner does *not* have access subsidized medical through their employer, [Defendants] will assume that your spouse/partner has access to other coverage, and the surcharge will apply."

27.    The working spousal surcharge is listed as "WorkingSp/PartChg" under the Post Tax Deductions portion of Plaintiff and the Subclass members' wage statements.

28.    Defendants' policy and practice of issuing surcharges to Plaintiff and the Class/Subclass in order to access the benefits under the health insurance plan(s) violates California Insurance Code.

FIRST AMENDED COMPLAINT

29. California Insurance Code §10965.9 mandates that a health insurer may use only the following characteristics of an individual, and any dependent thereof, for purposes of establishing the rate of the individual health benefit plan covering the individual and the eligible dependent thereof, along with the health benefit plan selected by the individual: (1) age, (2) geographic region, and (3) whether the plan covers an individual or family, as described in the PPACA.

30. California Insurance Code §10965.9(b) expressly provides that the rate for a health benefit plan subject to this section shall not vary by any factor not described in Section 10965.9.

31. California Insurance Code §10965(b) defines "Dependent" to include "spouse".

32. Defendants are and have been required to make contributions to the plan to ensure that it remains adequately funded. By collecting the "WorkingSp/PartChg" surcharges, Defendants have reduced the amount of its own contributions, thereby increasing the Defendants' profits.

33. At all times relevant to this lawsuit, Defendants have maintained sole control over the "WorkingSp/PartChg" surcharge, withholding participants' funds from their paychecks to pay the surcharge, and determining which employees are reimbursed for the "WorkingSp/PartChg" surcharge.

34. As an exception to its anti-discrimination rule, ERISA carves out protection for "programs of health promotion and disease prevention", also known as "wellness programs." 29 U.S.C. § 1182(b)(2)(B); 42 U.S.C. § 300gg-4(b)(2)(B).

35. But to qualify as a lawful wellness program, a plan must fully comply with a set of statutory and regulatory requirements. Those requirements concern (1) the frequency of the opportunity for a participant to qualify for the reward; (2) the size of the reward; (3) reasonable design of the program; (4) uniform availability and reasonable alternative standards; and (5) notice of the availability of a reasonable alternative standard. 29 C.F.R. § 2590.702(f). The full reward under the activity-

FIRST AMENDED COMPLAINT

only wellness program must be available to all similarly situated individuals. 29 C.F.R. § 2590.702(f)(3)(iv). These regulations "set forth criteria for an *affirmative defense* that can be used by plans and issuers in response to a claim that the plan or issuer discriminated under the [] nondiscrimination provisions." *Incentives for Nondiscriminatory Wellness Programs in Group Health Plans*, 78 Fed. Reg. 33158 at 33160 (June 3, 2013) (emphasis added). Every one of the requirements "must be satisfied in order for the plan or issuer to qualify for an exception to the prohibition on discrimination based on health status." *Id.*

36. Defendants' "Tobacco/Nicotine" surcharge program did not and does not satisfy the requirements that it provide a reasonable alternative standard providing the full reward under the activity-only wellness program to all similarly situated individuals, or that it provide notice of a reasonable alternative standard for all similarly situated individuals.

37. Consequently, Defendnats are not entitled to safe harbor protection for operating a compliant wellness program and Defendants' assessment of Defendants' "Tobacco/Nicotine" surcharge constitutes unlawful discrimination based on a health status-related factor.

38. To be lawful, such a program must provide for "[u]niform availability and reasonable alternative standards." 29 C.F.R. § 2590.702(f)(3)(iv). The full reward under the activity-only wellness program must be available to all similarly situated individuals. Id. "[A] reasonable alternative standard must be provided to all individuals who do not meet the initial standard, to ensure that the program is reasonably designed to improve health and is not a subterfuge for underwriting or reducing benefits based on health status." 78 Fed. Reg. 33158 at 33160.

39. Defendants' plan information documents make clear that the elimination of the surcharge is limited to employees – referred to as "you" and/or "colleagues" can eliminate their "Tobacco/Nicotine" surcharge but provides not reasonable alternative to avoid the "Tobacco/Nicotine" surcharge applied to

FIRST AMENDED COMPLAINT

"spouse/partners enrolled in the HSP". Because "spouse/partners" could not receive an avoidance of the "Tobacco/Nicotine" surcharge through a reasonable alternative standard, Defendants' alternative standard does not permit all individuals who do not meet or achieve a particular health outcome a reasonable alternative standard. Therefore, Defendants' alternative standard is not a "reasonable alternative standard."

40.    Additionally, to be deemed a lawful wellness program, "[t]he plan or issuer must disclose *in all plan materials describing the terms of an outcome-based wellness program* . . . the availability of a reasonable alternative standard to qualify for the reward." 29 C.F.R. § 2590.702 (emphasis added); 42 U.S.C. § 300gg-4(j)(3)(E). "[A] plan disclosure that references a premium differential based on tobacco use . . . must include this disclosure. 78 Fed. Reg. 33158-01 at 33166.

41.    Defendants' plan documents discussing the "Tobacco/Nicotine" surcharge do not disclose of a reasonable alternative standard by which the "Tobacco/Nicotine" surcharge do not disclose the existence of a reasonable alternative standard by which the "spouse/partners" subject to the "Tobacco/Nicotine" surcharge can avoid the "Tobacco/Nicotine" surcharge.

42.    Thus, Defendants' plan(s) documents does not disclose a means for all individuals who do not meet or achieve a particular health outcome for a reasonable alternative standard.

43.    As a result, the plan documents provide notice of a program that, as a matter of law, does not contain a *reasonable* alternative standard.

44.    Defendants, then, have not complied with the requirement that it provide notice of the availability of a reasonable alternative standard by which all plan participants could avoid the "Tobacco/Nicotine" surcharge and therefore receive the full reward.

**CLASS DEFINITION AND CLASS ALLEGATIONS**

45.    ERISA CLASS DEFINITION: Plaintiff bring this action individually

and on behalf of all other similarly situated individuals. Pursuant to Federal Rules of Civil Procedure 23(b)(3), 23(b)(1)(B), 23(b)(2), and/or 23(c)(4), Plaintiff seeks certification of a class consisting of:

> All persons within the United States who paid Defendants' "Tobacco/Nicotine" surcharge in connection with any of Defendants' plans at any time from six years prior to the filing of the Complaint to the present.

46. <u>CALIFORNIA SUBCLASS DEFINITION</u>: Plaintiff bring this action individually and on behalf of all other similarly situated individuals. Pursuant to Federal Rules of Civil Procedure 23(b)(3), 23(b)(1)(B), 23(b)(2), and/or 23(c)(4), Plaintiff seeks certification of a class consisting of:

> All current and former California employees of Defendants with a Tobacco/Nicotine and/or Working Sp/PartChg deduction from his or her wages as a result of his or her participation in Defendants' medical benefits plan(s) at any time from six (6) years prior to the filing of this action through the date of class certification. (The "Subclass").

47. Excluded from the Class and Subclass are the Court and its officers, employees, and relatives; Defendants and its subsidiaries, officers, and directors, and governmental entities.

48. Plaintiff reserves the right to amend or otherwise alter the class definition presented to the Court at the appropriate time, or to alter, propose or eliminate sub-classes, in response to facts learned through discovery, legal arguments advanced by Defendants or otherwise.

49. Further, this action is brought for the benefit of the public, who are entitled to restitution of those funds improperly withheld by Defendants.

50. **Numerosity:** The Class and Subclass consist of members so numerous and geographically dispersed that joinder of all members is impracticable, as Defendants employ thousands of similarly situated individuals across the United States and in California.

51. All members of the Class and Subclass are ascertainable by reference to objective criteria, as Defendnats have access to addresses and other contact

FIRST AMENDED COMPLAINT

information for Class and Subclass members that can be used for notice purposes.

52. **Common Questions of Law and Fact Predominate:** There are many questions of law and fact common to Plaintiff and the Class/Subclass, and those questions substantially predominate over any questions that may affect individual members of the Class/Subclass. Indeed, the claims of *every* class member will rise or fall on the question of whether the "Tobacco/Nicotine" and/or "WorkingSp/PartChg" surcharge is compliant with all legal requirements, and therefore lawful. Common questions include:

   a.   Whether Defendants' "Tobacco/Nicotine" surcharge discriminates against plan participants based on a health status-related factor;

   b.   Whether Defendants' "Tobacco/Nicotine" surcharge program qualifies for statutory safe harbor protection as a compliant wellness program;

   c.   Whether Defendants can meet every element of their statutory affirmative defense for operating a compliant wellness program;

   d.   Whether limiting the alternative standard to eliminate availability to spouses and partners subject to the "Tobacco/Nicotine" surcharge fails to allow plan participants to receive the full reward of the "Tobacco/Nicotine" surcharge;

   e.   Whether all of Defendants' plan materials describing the "Tobacco/Nicotine" surcharge give notice of a reasonable alternative standard by which all plan participants may receive the full reward;

   f.   Whether a plan document that describes the "Tobacco/Nicotine" surcharge but does not disclose access to the alternative standard will allow a plan participants – i.e. "spouses/partners" – to enroll to avoid the surcharge gives adequate notice of a reasonable alternative standard;

   g.   Whether Defendants' "Tobacco/Nicotine" surcharge violates the law;

   h.   Whether Defendants' "Tobacco/Nicotine" surcharge violates

11

FIRST AMENDED COMPLAINT

California Insurance Code §10965.9;

i.   Whether Defendants' "WorkingSp/PartChg" surcharge violates California Insurance Code §10965.9; and

j.   Whether Defendants breached their fiduciary duties with respect to its collection and retention of the "Tobacco/Nicotine" and/or "WorkingSP/PartChg" surcharges.

53.   **Typicality:** Plaintiff's claims are typical of other members of the Class and Subclass because all the claims arise from the same course of conduct by Defendants—its collection of an unlawful surcharge—and are based on the same legal theories.

54.   **Adequacy of Class Representative:** Plaintiff is an adequate class representative because his interests do not conflict with the interests of the Class or Subclass members whom he seeks to represent. Plaintiff has retained counsel with substantial experience in prosecuting complex class action litigation. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of Class and Subclass members and have the financial resources to do so. The Class and Subclass members' interests will be fairly and adequately protected by Plaintiff and his counsel.

55.   **Superiority and Substantial Benefit:** Class treatment is superior to individual treatment, as it will permit a large number of similarly situated persons to prosecute their respective class claims in a single forum, simultaneously, efficiently, and without unnecessary duplication of evidence, effort, and expense that numerous individual actions would produce.

56.   To the extent not all issues or claims, including the amount of damages, can be resolved on a class-wide basis, Plaintiff invokes Federal Rule of Civil Procedure 23(c)(4), reserving the right to seek certification of a class action with respect to particular issues, and Federal Rule of Civil Procedure 23(c)(5), reserving the right to divide the class into subclasses.

FIRST AMENDED COMPLAINT

## THIRD CAUSE OF ACTION

### ERISA STATUORY VIOLATION

**Unlawful Surcharge – Failure to Provide a Reasonable Alternative Standard**

(By Plaintiff and the Class Against all Defendants)

57.   Plaintiff hereby repeats, reiterates, and incorporates by reference each of the foregoing allegations with the same force and effect as if set forth herein.

58.   To enroll in a Defendants' medical plan, Plaintiff and Class members were required to pay a "Tobacco/Nicotine" surcharge in the amount of $300 to $500 per year.

59.   Defendants' "Tobacco/Nicotine" surcharge is not and was not a permissible wellness program, because it did not provide for a reasonable alternative standard, in that:

 a. Though the plan(s) allowed some plan participants an alternative means to avoid the "Tobacco/Nicotine" surcharge, by enrolling in a smoking cessation it did not provide all plan participants/individuals – i.e. "spouse/partners" – subject to the "Tobacco/Nicotine" surcharge the right to receive or availability to receive the reward of avoiding the "Tobacco/Nicotine" surcharge;

 b. Because not all plan participants/individuals – i.e. "spouse/partners" – subject to the "Tobacco/Nicotine" surcharge could not receive the award, the plan(s) did not provide a reasonable alternative standard.

60.   Defendants cannot meet every element of their affirmative defense for operating a lawful, complaint wellness program, and is therefore not entitled to statutory safe harbor protection.

61.   Defendnats' "Tobacco/Nicotine" surcharge has discriminated against, and continues to discriminate against, plan participants based on a health status-

13

FIRST AMENDED COMPLAINT

related factor in assessing premiums or contributions, in violation of 29 U.S.C. § 1182(b).

62.   29 U.S.C. § 1182(b) is a provision of ERISA that Plaintiff and Class members may enforce pursuant to 29 U.S.C. § 1132(a)(3).

63.   Plaintiff and Class members were required to pay an illegal fee, and Defendants' collected that fee from them in violation of the law. Equity requires that those funds be returned.

## FIFTH CAUSE OF ACTION
### ERISA STATUORY VIOLATION
### Unlawful Surcharge – Failure to Give Required Notice
(By Plaintiff and the Class Against all Defendants)

64.   Plaintiff hereby repeats, reiterates, and incorporates by reference each of the foregoing allegations with the same force and effect as if set forth herein.

65.   To enroll in a Defendants' medical plan, Plaintiff and Class members were required to pay a "Tobacco/Nicotine" surcharge in the amount of $300 to $500 per year.

66.   Defendants' "Tobacco/Nicotine" surcharge is not and was not a permissible wellness program, because it did not provide for a reasonable alternative standard, in that:

   a.   At least one plan document discussed the "Tobacco/Nicotine" surcharge but did not disclose the availability of an alternative standard by which all plan participants/individuals – i.e. "spouse/partners" – subject to the "Tobacco/Nicotine" surcharge could be avoided;

   b.   As a result, Defendants' plan materials described the "Tobacco/Nicotine" surcharge program without providing adequate notice of a reasonable alternative standard by which the surcharge could be avoided.

14

FIRST AMENDED COMPLAINT

67. Defendants cannot meet every element of their affirmative defense for operating a lawful, complaint wellness program, and is therefore not entitled to statutory safe harbor protection.

68. Defendants' "Tobacco/Nicotine" surcharge has discriminated against, and continues to discriminate against, plan participants based on a health status-related factor in assessing premiums or contributions, in violation of 29 U.S.C. § 1182(b).

69. 29 U.S.C. § 1182(b) is a provision of ERISA that Plaintiff and Class members may enforce pursuant to 29 U.S.C. § 1132(a)(3).

70. Plaintiff and Class members were required to pay an illegal fee, and Defendants' collected that fee from them in violation of the law. Equity requires that those funds be returned.

**SIXTH CAUSE OF ACTION**

**ERISA STATUORY VIOLATION**

**Unlawful Surcharge – Breach of Fiduciary Duty, 29 U.S.C. §1109**

(By Plaintiff and the Class Against all Defendants)

71. Plaintiff hereby repeats, reiterates, and incorporates by reference each of the foregoing allegations with the same force and effect as if set forth herein.

72. At all times relevant to this lawsuit, Defendants were the employer sponsoring the plan(s) within the meaning of 29 U.S.C. § 1002(21)(A), in that Defendants exercised discretionary authority and discretionary control respecting management of the medical plan and disposition of its assets by holding in trust the funds collected from the "Tobacco/Nicotine" surcharge.

73. Defendants breached their fiduciary duty by assessing and collecting the "Tobacco/Nicotine" surcharge in violation of the law as the receipt of additional funds reduced Defendnats' own costs associated with funding the plan and forestalled Defendants' own obligations to make contributions thereto.

74. Upon information and belief, Defendants' responsibility with respect to

15

FIRST AMENDED COMPLAINT

the funding of the plan's claims and administrative expenses relating to the plan's self-funded arrangements equaled the amount by which the plan's claims and administrative expenses exceeded all participant contributions, including the "Tobacco/Nicotine" surcharge funds, Defendants' collection of the "Tobacco/Nicotine" surcharge diminished the amount Defendants had to contribute to the plan(s), thereby benefiting Defendants and harming the plan.

75.    As a result of the imposition of the "Tobacco/Nicotine" surcharge, Defendants enriched themselves at the expense of the plan, thereby resulting in it receiving a windfall.

76.    Defendants breached their fiduciary duties under ERISA in that they:

a.    failed to act solely in the interest of the participants and beneficiaries of the medical plan and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of plan administration, in violation of ERISA. *See* 29 U.S.C. § 1104(a)(1)(A);

b.    failed to discharge its duties in accordance with the documents and instruments governing the medical plan insofar as the documents and instruments are consistent with ERISA, in violation of ERISA. *See* 29 U.S.C. § 1104(a)(1)(D);

c.    caused the medical plan to engage in transactions that Defendants knew or should have known constituted a direct or indirect transfer to, or use by or for the benefit of, a party in interest, of assets of the health plan, in violation of ERISA. *See* 29 U.S.C. § 1106(a)(1)(D);

d.    dealt with assets of the medical plan in Defendants' own interests in violation of ERISA. *See* 29 U.S.C. § 1106(b)(1);

e.    acted on behalf of a party whose interests were averse to the interests of the medical plan or the interests of its participants and

16

FIRST AMENDED COMPLAINT

beneficiaries, in violation of ERISA. *See* 29 U.S.C. § 1106(b)(2); and

f.  caused the health plan to require participants to pay a premium or contribution which was greater than such premium or contribution for a similarly situated participant enrolled in the health plan on the basis of a health status-related factor in relation to the participant or to an individual enrolled under the health plan as a dependent of the individual, in violation of ERISA. *See* 29 U.S.C. § 1182(b).

77.  As a result of these breaches, and pursuant to 29 U.S.C. § 1109, Defendants are  liable to make good to the plan all losses to the plan resulting from its breaches, disgorge all unjust enrichment and ill-gotten profits, and to restore to the plan and/or a constructive trust all profits it acquired through its violations alleged herein and which it made through use of assets of the plan, and for such other equitable or remedial relief as is proper.

78.  Plaintiff is authorized to bring this action on behalf of the plan pursuant to 29 U.S.C. § 1132(a)(2).

## SEVENTH CAUSE OF ACTION

### ERISA STATUORY VIOLATION

#### Unlawful Surcharge

(By Plaintiff and the Subclass Against all Defendants)

80.  Plaintiff hereby repeats, reiterates, and incorporates by reference each of the foregoing allegations with the same force and effect as if set forth herein.

81.  To enroll in a Defendants' medical plan, Plaintiff and Class members were required to pay a "Tobacco/Nicotine" surcharge in the amount of $300 to $500 per year and/or a "WorkingSP/PartChg" surcharge in the amount of $1,200 per year.

82.  Defendants' "Tobacco/Nicotine" and "WorkingSP/PartChg" surcharge are not and were not a permissible pursuant to California Insurance Code §10965.9

17

FIRST AMENDED COMPLAINT

83.   Defendnats' "Tobacco/Nicotine" surcharge has discriminated against, and continues to discriminate against, plan participants based on a health status-related factor in assessing premiums or contributions, in violation of 29 U.S.C. § 1182(b).

84.   29 U.S.C. § 1182(b) is a provision of ERISA that Plaintiff and Class members may enforce pursuant to 29 U.S.C. § 1132(a)(3).

85.   Plaintiff and Class members were required to pay an illegal fee, and Defendants' collected that fee from them in violation of the law. Equity requires that those funds be returned.

## IV.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1.   An order that the action be certified as a class action;

2.   An order that Plaintiff be appointed class representative;

3.   An order that counsel for Plaintiff be appointed class counsel;

4.   An order requiring Defendants to identify, by name, email address, address and telephone number all Class and Subclass members;

5.   That the Court order Defendants to reimburse all Class members who paid the "Tobacco/Nicotine" surcharge from six years prior to the filing of this Complaint to the present;

6.   That the Court order Defendants to reimburse all Class members who paid the "Working Sp/PartChg" surcharge from six years prior to the filing of this Complaint to the present;

7.   That the Court order disgorgement and/or restitution of all payments unlawfully assessed by Defendants, or, alternatively, the profits earned by Defendants in connection with their receipt of such unlawful fees;

8.   That the Court grant a declaratory judgment holding that the acts of Defendants described herein violate ERISA and applicable law, as well as the terms of the plan;

FIRST AMENDED COMPLAINT

9. That the Court enter a permanent injunction against Defendants prohibiting Defendants from collecting a "Tobacco/Nicotine surcharge unless and until the company revises the surcharge to comply with all ERISA statutory requirements;

10. That the Court enter a permanent injunction against Defendants prohibiting Defendants from collecting a "Working SP/PartChg" surcharge unless and until the company revises the surcharge to comply with all ERISA and California Insurance Code statutory requirements;

11. That the Court order Defendants to provide all accountings necessary to determine the amounts Defendants must make good to the plan and to plan participants and beneficiaries;

12. That the Court surcharge against Defendants all funds it collected in violation of ERISA;

13. That the Court find and adjudge that Defendnats are liable to make good to the plan all losses to the plan resulting from each breach of fiduciary duties, to otherwise restore the plan to the position it would have occupied but for the breaches of fiduciary duty, and grant all other proper relief authorized by 29 U.S.C. § 1109;

14. That the Court impose a constructive trust on profits received by Defendants as a result of fiduciary breaches committed by them or for which they are liable, upon which Plaintiff and the Class can make claims for equitably vested benefits;

15. That the Court award Plaintiff and the Class all damages available at law in an amount to be determined at trial;

16. That the Court award reasonable attorneys' fees, costs, and expenses as provided by law;

17. That the Court order the payment of interest to the extent it is allowed by law; and

19

FIRST AMENDED COMPLAINT

18. That the Court grant all other equitable, remedial, and legal relief as it deems just and proper under the circumstances.


Date: August 27, 2025              **THE MYERS LAW GROUP, A.P.C.**


                                   By:   /s/Jason Hatcher
                                          David P. Myers,
                                          Jason Hatcher,
                                          Andriana N. Bravo
                                          Attorneys for Plaintiff and all others
                                          similarly situated

20

FIRST AMENDED COMPLAINT